UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EUGENE MURGUIA, an individual,<br><br>                             Plaintiff,<br>     v.<br>JACK PALMER, an individual, ADAM WATSON, an individual, and DAMON HAYCOCK, an individual, et al.,<br><br>                            Defendants. | Case No. 3:12-cv-00347-MMD-WGC<br><br>ORDER<br><br>(Defs' Motion for Attorney Fees and Costs – dkt. no. 63) |

**I.    SUMMARY**

Before the Court is Defendants' Motion for Attorney Fees and Costs ("Motion"). (Dkt. no. 63.) The Court has reviewed Plaintiff's response and Defendants' reply. (Dkt. nos. 69, 70.) For the reasons stated below, the Motion is granted in part and denied in part.

**II.    BACKGROUND**

Plaintiff Eugene Murguia ("Murguia") filed this action against Defendants alleging violations of 42 U.S.C. § 1983 and state law. (Dkt. no. 1-2.) Murguia was passed over for a promotion, which he alleged was retaliation for engaging in protected speech. (*Id.* at 5-6.) Defendants filed a motion to dismiss Plaintiff's claims. (Dkt. no. 8.) The Court granted the motion in part and dismissed Plaintiff's claim for tortious discharge. (Dkt. no. 19.) After the close of discovery, Defendants filed a motion for summary judgement on the remaining § 1983 claim. (Dkt. no. 47.) The Court once again granted Defendants' motion

and entered judgement in favor of Defendants. (Dkt. nos. 61, 62.) Murguia filed a notice of appeal shortly thereafter. (Dkt. no 64.)

Defendants now seek attorney fees and costs pursuant to 42 U.S.C. § 1988, Fed. R. Civ. P. 54 and LR 54-16. (Dkt. no. 63.)

### III.   LEGAL STANDARD

42 U.S.C. § 1988(b) provides that in an action, like this one, seeking to enforce a provision of 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." The Supreme Court addressed awarding attorney's fees to prevailing defendants in civil rights cases (including § 1983 cases) in *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978). In that case, the Court clarified that fees may only be awarded to defendants upon "a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Id.* at 421.

A plaintiff's civil rights claim is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989.) The Ninth Circuit has held that attorney's fees may be awarded against an unsuccessful § 1983 plaintiff only "in exceptional circumstances." *Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir.1990).

Prevailing parties are generally entitled to reasonable costs other than attorney fees. *See* Fed. R. Civ. P. 54(d); LR 54-1.The Ninth Circuit has interpreted Rule 54(d) "to create a presumption in favor of awarding costs to the prevailing party," *Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir.1997), and the burden is on the losing party to "show why costs should not be awarded," *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944–45 (9th Cir.2003) (citing *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir.1999).

### IV.   DISCUSSION

As an initial matter, the Court finds, and the parties do not dispute, that Defendants are the prevailing party in this action.

///

### A.     Attorney Fees

Defendants argue that Murguia's claims were "groundless and wholly without merit." (Dkt. no. 63 at 5.) Murguia, in turn, argues that Defendants are simply relying on the fact that they ultimately prevailed in the litigation, and that he put forth evidence and good faith argument in support of his claim. (Dkt. no. 69 at 2.) The Court agrees with Murguia.

The Court's summary judgement order found that Murguia had not met his burden of demonstrating that his speech, which he alleged triggered the retaliation, addressed a matter of public concern. (Dkt. no. 61 at 8.) However, finding that a litigant has failed to present evidence to meet an evidentiary burden is not the same as concluding a litigant's claim is frivolous. Though the Court disagrees with Murguia's characterization of his evidence as "abundant," the Court agrees that his claim had an arguable basis in law and fact. Therefore, this civil rights case does not present the exceptional circumstances in which a court should grant attorney's fees to a prevailing defendant. Defendants' request for attorney's fees is denied.

### B.     Reasonable Costs

Murguia does not dispute the cost amount, but he raises a procedural objection to Defendants' request for costs. He argues that Defendants' request should be denied because they did not submit a bill of costs in a timely manner as required under LR 54-1. (Dkt. no. 69 at 3.)

LR 54-1 provides that a prevailing party claiming costs "shall serve and file a bill of costs and disbursements on the form provided by the Clerk no later than fourteen (14) days after the date of entry of judgment or decree."

Defendants did not file a bill of costs or utilize the form provided by the Clerk. Instead, Defendants filed their Motion within fourteen (14) days of the Court's entry of judgment. (Dkt. no. 63.) The Motion identified costs associated with docket fees and deposition transcripts totaling $989.75. (*Id.* at 17.) The costs are itemized and supported by documentation as required by LR 54-1(b). (*Id.* at 17-21.) The Court finds that

Defendants' Motion substantially complied with LR 54-1's requirements. Therefore, Defendants' request for reasonable costs is granted.

**V.    CONCLUSION**

It is therefore ordered that Defendants' Motion for Attorney Fees and Costs (dkt. no 63) is denied with respect to attorney's fees and granted with respect to costs. Defendants are awarded costs in the amount of $989.75. The Clerk is directed to enter judgment in favor of Defendants in accordance with this Order.

DATED THIS 5th day of January 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

4